IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOT ALAN PERKET,

       Plaintiff,      OPINION and ORDER

 v.

                   Case No. 16-cv-396-wmc

MAYO HEALTH CARE,
ST. FRANCIS HOSPITAL, and
BUFFALO COUNTY COURT,

       Defendants.

---

SCOT ALAN PERKET,

       Plaintiff,      OPINION and ORDER

 v.

                   Case No. 16-cv-568-wmc

LAW FIRM OF FLOTTMEYER, BURGOS,
RYAN AND SAYNER; DAN RYAN; AND
WILLIAM FLOTTMEYER,

       Defendants.

---

SCOT ALAN PERKET,

       Plaintiff,      OPINION and ORDER

 v.

                   Case No. 16-cv-586-wmc

PAUL PAPPAS, VERVE CREDIT UNION
AND MOUNT MORRIS MUTUAL OF
COLOMA,

       Defendants.

---

SCOT ALAN PERKET,

       Plaintiff,      OPINION and ORDER

 v.

                   Case No. 16-cv-824-wmc

AHMC ASSET MANAGEMENT OF
EAU CLAIRE, BUFFALO COUNTY,

LA CROSSE COUNTY AND
WEDGEWOOD COMMONS,

        Defendants.

---

SCOT ALAN PERKET,

        Plaintiff,        OPINION and ORDER

 v.

                 Case No. 16-cv-859-wmc

LA CROSS COUNTY JAIL DEPUTIES,
ET AL.,

        Defendants.

---

  *Pro se* plaintiff Scot Alan Perket has filed 13 lawsuits since May 2016, alleging a variety of wrongs against numerous, various defendants. Several of these cases have since been terminated for failure to pay the filing fee.[1] In other cases, Perket paid the full filing fee, and the court issued summons for him to serve on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. In each of those cases, Perket has attempted service, and the defendants have filed motions to dismiss on various grounds, including lack of personal and subject matter jurisdiction.[2] Those motions to dismiss are addressed in a separate order issued today.

  With respect to the five cases listed in the caption above, however, the court conducted an initial review to determine whether subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have

---

[1] The following cases have been dismissed for failure to pay the filing fee: 16-cv-485-wmc; 16-cv-579-wmc; 16-cv-652-wmc; 16-cv-709-wmc; and 17-cv-24-wmc.

[2] The following cases have motions to dismiss currently pending: 16-cv-362-wmc; 16-cv-507-wmc; 16-cv-525-wmc. Perket failed to respond to the motions to dismiss in each of the three cases.

a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). The court also reviewed the complaints for any claims that are obviously frivolous, malicious or devoid of merit. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (district court may dismiss fee-paid complaint if claims are "so attenuated and unsubstantial as to be absolutely devoid of merit") (citation omitted). In doing so here, the court is mindful that Perket is held to a "less stringent standard" in crafting pleadings as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, this court plainly lacks subject matter jurisdiction over any of Perket's claims in the above captioned cases. Accordingly, all five cases will be dismissed.

OPINION

A federal district court's jurisdiction is limited, meaning that generally it may only hear a case if Congress has authorized it. With limited exceptions inapplicable here, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

I.  Case No. 16-cv-396

In case number 16-cv-396, Perket brings claims against Mayo Health Care, St. Francis Hospital, and the Buffalo County Court, arising from separate incidents that occurred in 1998, 2015 and 2016. With respect to the 1998 incident, Perket alleges that he was taken to St. Francis Hospital, which is part of Mayo Health Care in La Crosse, by La Crosse

3

County police. There, a nurse extracted fluid from his thigh. The nurse would not tell him the purpose of the extractions, and he was forced to sign a paper he did not understand.

In 2015, Perket claims he was arrested for disorderly conduct in the town of Alma, and his blood was drawn at Mayo Health Care in Eau Claire. He also alleges that he was tried twice for the same offense and was not assigned a public defender or given a phone call.

Finally, Perket alleges that in 2016, he was driving with his social worker to an appointment in Alma, but arrived late due to bad conditions and road construction. He claims that he was sent to St. Francis because he was late, and he was concerned that hospital staff would draw fluids as they had done 1998.

While Perket's claims against the Buffalo County Court for Double Jeopardy and denial of counsel are pleaded as federal claims arising under the United States Constitution, these challenges to the fairness of his past, state criminal proceedings are barred outright by the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* prohibits a plaintiff from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* Thus, Perket cannot challenge the validity of Buffalo County conviction through a federal lawsuit brought under 42 U.S.C. § 1983 unless that conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Because Perket has made no such showing, any claims challenging one of his state court conviction are barred.

In contrast, Perket's allegations against Mayo Health Care and St. Francis do not even state a claim over which this court can exercise subject matter jurisdiction, to the extent they

plead a claim at all. Although the legal basis for his claims is not well articulated, his claims against Mayo Health Care and St. Francis appear to be based on theories of state law medical malpractice. Indeed, Perket's complaint indicates that he intends to sue these defendants under state law based on diversity jurisdiction under § 1332. Moreover, because plaintiff is a citizen of Wisconsin and he alleges that Mayo Health Care and St. Francis are located in La Crosse, Wisconsin, the parties' citizenship is *not* diverse for purposes of this court exercising jurisdiction under § 1332. Finally, his allegations do not appear to implicate any federal claims, as he does not claim that Mayo Health Care or St. Francis is a government actor or that either defendant violated any federal law. Accordingly, all of plaintiff's claims in case number 16-cv-396-wmc must be dismissed.

## II. Case No. 16-cv-568

In case number 16-cv-568, Perket alleges that he retained the law firm of Flottmeyer, Burgos, Ryan and Sayner to represent him in foreclosure-related matters. After the firm initially seemed to agree to represent him, he claims they later antagonized him during consultations and then stated that they would no longer represent him. He also claims that the firm refused to refund any money to him from their trust fund accounts. Perket seeks to sue the law firm for damages and injunctive relief.

There is no even articulable basis for federal subject matter jurisdiction over Perket's claims in this case. First, the court does not have jurisdiction under § 1331 because Perket's claims do not implicate *any* federal law. Rather, claims for legal malpractice, theft, breach of fiduciary duty or other similar claims Perket may be attempting to raise all arise solely under state law. Second, this court does not have jurisdiction over the state law claims under

§ 1332 because Perket alleges that both he and the defendants are citizens of Wisconsin. Accordingly, this complaint must be dismissed for lack of subject matter jurisdiction.

III.     **Case No. 16-cv-586**

In case number 16-cv-586, Perket alleges that defendant Paul Pappas, an insurance agent with Farmers Insurance Company of Onalaska, unfairly cancelled his property insurance after his home was condemned while he was incarcerated. Although his allegations are unclear, Perket also appears to allege that Verve Credit Union and Mount Morris Mutual of Coloma are partially responsible for the condemnation of his property because they denied him a home improvement loan.

Again, aside from the dubious nature of these claims on the merits, these claims arise under state law, rather than any federal statute or the constitution. For example, he does not allege that his insurance was cancelled or loan denied based on race or other protected class, which could possibly implicate federal civil rights laws and thus warrant jurisdiction under § 1331. Rather, his claims appear to be based only on state law theories of breach of contract, and the court does not have jurisdiction under § 1332 because both plaintiff and at least one of the defendants (Paul Pappas) are located in Wisconsin. Accordingly, this case will be dismissed for lack of subject matter jurisdiction.

IV.     **Case No. 16-cv-824**

In case number 16-cv-824, Perket alleges that defendants Augusta Housing Asset Management Company ("AHMC"), Buffalo County, LaCrosse County and Wedgewood Commons are all liable under state law for incidents that led to his criminal conviction. To

the extent Perket states a claim at all, and his allegations in this case are exceptionally difficult to follow, Perket seems to claim that unnamed individuals within these entities framed him by planting certain incriminating evidence in an apartment that he rented from AHMC. Specifically, Perket alleges that these individuals planted illegal substances in his apartment, which apparently led to his criminal conviction and caused him personal harm. Again, at least on their face, these allegations implicate state trespass or conversion law, not federal law. Even if some of the individuals works for one of the government entitites, there is no allegation that they were acting under color of state law, and even if they were, Perket cannot challenge his conviction under *Heck*. Because at least one of these defendants -- AHMC -- is a citizen of Wisconsin, diversity jurisdiction is also unavailable. Therefore, this case, too, will be dismissed for lack of subject matter jurisdiction.

V.      **Case No. 16-cv-859**

Finally, in case number 16-cv-859, Perket names the La Crosse County deputies, City Tax Assessor, Farmers Insurance Company and Midwest Loans as defendants. Again, the allegations are unclear, but Perket appears to be repeating the allegations from the complaint in Case No. 16-cv-586 discussed above, which relate to an insurance company's failure to pay his claim. Perket similarly appears to challenge the foreclosure on his home for failure to making timely mortgage payments that was the subject of that lawsuit as well. Regardless, it is once again apparent that this court lacks subject matter jurisdiction over any claims that he may be asserting: (1) all of the defendants appear to be Wisconsin citizens so diversity jurisdiction does not exist; and (2) his complaint does not state a claim under federal law. At

most, his allegations related to the foreclosure of his house and non-payment of an insurance claim sound in state law.

## CONCLUSION

In light of the above order, Perket is now on notice that this court has authority to hear only those cases that: (1) arise under federal law, 28 U.S.C. § 1331, or (2) arise under state law, the plaintiff and defendants are citizens of different states *and* the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Before filing any additional cases, Perket should evaluate his claims to ensure that this court has jurisdiction over them under either § 1331 or § 1332. If Perket continues to file cases over which this court plainly lacks subject matter jurisdiction, the court will consider issuing sanctions against him.

## ORDER

IT IS ORDERED that case numbers 16-cv-396-wmc, 16-cv-568-wmc, 16-cv-586-wmc, 16-cv-824-wmc and 16-cv-859-wmc are DISMISSED for lack of subject matter jurisdiction.

Entered this 21st day of August, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge